AO 106 (Rev. 04/10) Application for a Search Warrant

FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

OCT 0 2 2013

MATTHEW J. DYKMAN
CLERK

# UNITED STATES DISTRICT COURT

for the

District of New Mexico

In the Matter of the Search of
*(Briefly describe the property to be searched or identify the person by name and address)*

6911 Taylor Ranch Road NW, C-11/Suite A
Albuquerque, New Mexico 87120

Case No. 13mr763

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:
See Attachment I

located in the ______ District of New Mexico, there is now concealed *(identify the person or describe the property to be seized)*:
See Attachment II

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☐ evidence of a crime;

☐ contraband, fruits of crime, or other items illegally possessed;

☐ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| *Code Section* | *Offense Description* |
|---|---|
| 21 U.S.C 953(e)(1) and (2) | Exportation of Controlled Substances |
| 21 U.S.C 843(a)(3) | Acquire, Obtain,Posses Controlled Substance by Misrepresentation... |
| 21 U.S.C 844(a) | Civil Penalty for Possession of Small Amounts of Controlled Substances |

The application is based on these facts:
See attached Affidavit by Special Agent Jeffrey A Mauldin

☑ Continued on the attached sheet.

☐ Delayed notice of ____ days (give exact ending date if more than 30 days: ________ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

[signature]
*Applicant's signature*

DEA Special Agent Jeffrey A Mauldin
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 10-1-13

Robert H. Scott
*Judge's signature*

City and state: Albuquerque, NM

ROBERT H. SCOTT
U.S. Magistrate Judge
*Printed name and title*

(Filed in open court)

# ATTACHMENT I

## Location To Be Searched

The attached search warrant authorizes the search of the business, all attached and unattached storage areas and mailboxes located on the premises and persons located on the premises described below in or on which the items to be seized could be concealed.

1. **Business office of WILEY SYSTEMS/WILEY COMPOUNDING SYSTEMS, located at 6911 Taylor Ranch, C-11/Suite A, in Albuquerque, New Mexico. The business is described as a stucco, brick, and glass strip business office complex with 6911 on the front of the structure. C-11/Suite A is located above the door of the business to be searched; there are no sings or other identifying markers. There are no other offices utilizing C-11 in the complex.**

   Two pictures of the business are attached for further reference.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

IN THE MATTER OF THE APPLICATION
FOR AN ORDER AUTHORIZING THE
SEARCH OF 6911 TAYLOR RANCH,
C-11/Suite A, ALBUQUERQUE, NEW MEXICO 87120

Magistrate No.

AFFIDAVIT IN SUPPORT OF APPLICATION

I, Jeffrey A. Mauldin, first being duly sworn, depose and say:

I am a Special Agent (SA) of the Drug Enforcement Administration (DEA) United States Department of Justice, Albuquerque, New Mexico District Office. I have been employed as a SA since 2004. As a SA, I attended a 16 week academy, during which I received approximately 500 hours of specialized narcotics training in Quantico, Virginia. Upon graduation from the DEA academy I was assigned to the Albuquerque District Office to conduct criminal investigations involving the distribution of controlled substances. I have been involved with numerous controlled substances investigations, to include being the Affiant on several Federal Title III Affidavits and Search Warrants. Since approximately March of 2012 I have been assigned to the Tactical Diversion Squad which is responsible for criminal investigations of DEA registrants. DEA Registrants include individuals or businesses that have been issued a DEA Registration authorizing them to administer, dispense, procure, and prescribe drugs. Prior to my employment with DEA, I was employed as a Police Officer in Midwest City, Oklahoma, from September 1997 to August of 2004. I have personal knowledge of the facts contained in this affidavit or have learned them from DEA Diversion Investigator (DI) Lorena Rodriguez.

Because of my training and experience as a SA with the DEA, I have extensive knowledge and experience in debriefing defendants, co-conspirators, witnesses, informants, and DEA registrants and their employees, who have been involved in the diversion of drugs. These individuals often know the type and amounts of drugs being diverted and to whom those drugs are distributed. In addition, they often know about the monies exchanged and received for drugs, as well as the techniques and methods by which drug traffickers acquire, spend, convert, transport, distribute and conceal the proceeds they derive from the unlawful diversion of these drugs.

I have spoken with additional SAs and Diversion Investigators (DIs) with whom I work concerning the practices of DEA registrants, drug diversion and the best methods to use in these investigations. I have become familiar with the various types of evidence found during the searches of registered locations (the address on a DEA Registration where drugs can be administered, dispensed, procured, or prescribed), storage areas, residences, and businesses. Based upon my training, experience, and participation in this investigation and of other registrant and drug trafficking investigations, your Affiant has reason to believe that:

a. Registrants and drug traffickers frequently do not possess the required state professional licenses or a valid DEA Registration number to administer, dispense, procure, or prescribe drugs.
b. Registrants and drug traffickers frequently use un-registered physical locations to store drugs, patient records, documents related to the procurement, administering, or distribution of those drugs, and appointment books containing the names, appointment dates and phone numbers of patients.
c. Registrants and drug traffickers maintain documents related to or memorializing the ordering, purchasing, receiving, distributing, administering, dispensing, prescribing, inventorying, storage, transportation, sale, and shipping of drugs.
d. Registrants and drug traffickers maintain patient lists, supplier lists, log books, drug ledgers, receipt books, appointment books, date planners, personal telephone/address books, rolodexes, telephone answering pads, employee schedules, storage records, such as storage locker receipts, and safety deposit box rental records.
e. Registrants and drug traffickers maintain patient records and patient charts, pertaining to the care, treatment, and payment for services, to include all medical records of physical examinations, consultations, testing, doctor's notes, both recorded and handwritten, medical transcriptions, and prescription documentation.
f. Registrants and drug traffickers maintain articles of personal property evidencing or containing the evidence of the obtaining, secreting, transfer, expenditure and/or the concealment of money and assets derived from or to be used in the sale or distribution of drugs, including books, receipts, records, business records, safes, records of safety deposit boxes and storage lockers, personal data assistants, computers, and computer storage media including floppy disks, hard disk drives, compact disks and zip disks.
g. Registrants and drug traffickers maintain articles of personal property evidencing or containing evidence of the existence of a conspiracy to possess, dispense, or sell drugs, including personal telephone and address books, telephone bills, photographs and documents consisting of lists of names and or numbers, personal data assistants, computers, and computer storage media including floppy disks, hard disk drives, compact disks and zip disks.
h. Registrants and drug traffickers will maintain drugs scheduled either federally, or by the State of New Mexico, to include samples of said items.

## UNDERLYING FACTS AND CIRCUMSTANCES

Your Affiant is a co-case agent assigned to investigate the compounding, filling, and exportation of controlled substance prescriptions by WILEY CHEMISTS, INC (hereinafter referred to as WILEY CHEMISTS). Pursuant to that investigation, an Administrative Inspection Warrant, under the Comprehensive Drug Abuse Prevention and Control Act of 1970 (21 U.S.C. § 801), was issued by United States Magistrate Judge Robert H. Scott, to Diversion Investigator (DI) Lorena Rodriguez of the Drug Enforcement Administration on September 27, 2013, to inspect the controlled premises of WILEY CHEMISTS, located at 1676 Hospital Drive, in Santa Fe, New Mexico 87505.

Your Affiant participated in the execution of the Administrative Inspection Warrant on September 30, 2013. On that date, your Affiant was informed by DI Rodriguez that she had

received information from Elva GURULE, Pharmacy Technician (CPhT) and Pharmacy Manager of WILEY CHEMISTS, regarding the mailing practices of WILEY CHEMISTS.

According to DI Rodriguez, CPhT GURULE advised her that WILEY CHEMISTS compounded controlled substance prescriptions containing testosterone, a Schedule III controlled substance, and then mailed those compounded prescriptions to WILEY SYSTEMS, located at 6911 Taylor Ranch Road, in Albuquerque, New Mexico. CPhT GURULE described WILEY SYSTEMS as a "packaging business" in Albuquerque that distributes the packaging materials for patented "WILEY PROTOCOL" compounded medications. CPhT GURULE explained that WILEY CHEMISTS would mail the patient-specific compounded prescriptions to WILEY SYSTEMS, for WILEY SYSTEMS to mail the product to patients. DI Rodriguez asked CPhT GURULE why the pharmacy would mail the prescription to another location to have the prescription mailed from the secondary location. CPhT GURULE explained it was because WILEY CHEMISTS did not have the financial resources to mail the packages from the pharmacy. After further inquiry and review of prescription records with CPhT GURULE, she confirmed to DI Rodriguez that the packages mailed from WILEY CHEMISTS to WILEY SYSTEMS were large orders mailed to patients outside of the United States, in particular, to Thailand.

CPhT GURULE provided DI Rodriguez with telephone number 505-503-6352 for WILEY STYTEMS and said that it was managed by Julie LNU.

Based upon this information, your Affiant directed TFO Felix Nunez to go to 6911 Taylor Ranch Road NW, Albuquerque, NM; the location provided for WILEY SYSTEMS. TFO Nunez arrived at 6911 Taylor Ranch Road, NW and saw that it was a strip mall with numerous businesses. TFO Nunez was unable to locate a sign or other identifying markers for WILEY SYSTEMS. TFO Nunez then talked with a UPS driver who was in the area. The driver, Aaron Bowman told TFO Nunez that he had picked up packages from WILEY COMPOUNDING SYSTEMS on September 30, 2013, at 6911 Taylor Ranch Road NW, Suite C-11, Albuquerque, NM. TFO Nunez was able to photograph the packages. The photographs show TS WILEY and WILEY COMPOUNDING SYSTEMS on the label; the packages were addressed to MacDonalds Prescription Shop in Vancouver BC, Canada. The packages were wrapped in a clear plastic tape with WILEY SYSTEMS imprinted on the tape.

Your Affiant performed a public database records check for WILEY COMPOUNDING SYSTEMS. Your Affiant learned that WILEY COMPOUNDING SYSTEMS was located at 6911 Taylor Ranch Road NW, Albuquerque, NM and the telephone number was listed as 505-503-6352. DI Rodriguez had provided your Affiant with the same telephone number on September 30, 2013. The records also indicated that Julie SEIRABEND was a book keeper for WILEY COMPOUNDING SYSTEMS.

Your Affiant was told by DI Rodriguez that on September 30, 2013, she conducted a computer query of WILEY SYSTEMS in the Drug Enforcement Administration RICS database, and did not locate a DEA Registration for WILEY SYSTEMS or WILEY COMPOUNDING SYSTEMS authorizing them to administer, dispense, procure, or prescribe controlled substances from 6911 Taylor Ranch, Suite C-11, in Albuquerque, New Mexico. Pursuant to the Controlled Substance Act, every person who manufactures or distributes any controlled substance shall obtain annually

a registration issued by the Attorney General in accordance with the rules and regulations promulgated by him. *See* 21 U.S.C. 822(a)(1) (the federal statutes identifying the persons required to register). Pursuant to Title 21 of the Code of Federal Regulations, every person who manufactures, distributes, dispenses, imports, or exports any controlled substance shall obtain a registration. *See* 21 C.F.R. § 1301.11(a) (the federal regulations setting forth the DEA regulation for persons required to register).

Furthermore, pursuant to the Controlled Substances Act, it shall be unlawful to export from the United States to any other country any non-narcotic controlled substance in Schedule III unless, there is furnished (before export) to the Attorney General documentary proof that importation is not contrary to the laws or regulations of the country destination for consumption for medical, scientific, or other legitimate purposes; and it is exported pursuant to such notification or declaration, or in the case of any nonnarcotic controlled substance in Schedule III, such export permit, notification, or declaration as the Attorney General may by regulation prescribe. *See* 21 U.S.C. 953(e)(1), (2) (the federal statutes identifying the exportation of controlled substances). Pursuant to Title 21 of the Code of Federal Regulations, no person shall in any manner export or cause to be exported from the United States any non-narcotic controlled substance listed in Schedule III, IV, or V, unless and until such person is properly registered under the Act. *See* 21 C.F.R. § 1312.21(b) (the federal regulations setting forth the DEA regulation for the requirement of authorization to export).

WILEY CHEMISTS mailed controlled substance prescriptions to WILEY SYSTEMS/WILEY COMPOUNDING SYSTEMS, for the purpose of exporting those controlled substance prescriptions from the United States, without an Exporter DEA Registration in violation of 21 U.S.C §§953€ (1) and (2) 843(a)(3) and 844(a).

Your Affiant believes there is probable cause to search 6911 Taylor Ranch, C-11/Suite A, in Albuquerque, New Mexico, for further evidence of WILEY SYSTEMS/WILEY COMPOUNDING SYSTEMS being in illegal possession of controlled substances at an un-registered address, with the intent of exporting those controlled substances without an Exporter DEA Registration in violation of federal law.

Your Affiant has not included each and every fact known to me concerning the underlying investigation. Your Affiant has set forth only the facts I believe essential to establish probable cause for an order authorizing the search of the above listed location.

This Affidavit was approved by Supervisory Assistant United States Attorney Steve Kotz.

[signature]
Jeffrey A. Mauldin
Special Agent
Drug Enforcement Administration

Sworn to before me, and subscribed in my presence on this 1st day of October in the year 2013 at Albuquerque, New Mexico.

[signature: Robert H. Scott]
Robert H. Scott
United States Magistrate Judge


Suite A



# ATTACHMENT II

## Items To Be Seized

1. Any controlled substances enumerated in USCS Title 21 § 812 for which possession without proper prescription, registration or authorization is illegal and in violation of § 841, except as authorized by Title 21 USCS.

2. Records of Money Laundering and drug records, in particular, ledgers, drug transactions, account books, notes, names and/or code names or nicknames and/or identifying information reflecting customers, amounts of drugs bought and sold, amounts of money paid, owed or collected and all appointment calendars.

3. Large amounts of U.S. currency, financial instruments, precious metals, jewelry and other items of value and/or proceeds of drug transactions.

4. Any and all drug customer lists, suppliers' lists, or any notes containing the individual names of such persons, telephone numbers and/or addresses of these customers or suppliers and any corresponding records of accounts receivable, money paid or received, drugs supplied or received, or cash received to pay for controlled substances or intended to pay for controlled substances.

5. Indications of ownership or control of these premise and/or other premises used in unlawful drug trafficking activity, including but not limited to, utility bills, cancelled checks, or envelopes and deeds or leases.

6. Indications of ownership or control over any vehicles located at the place to be searched, including but not limited to, titles, registration, gas receipts, repair bills and keys belonging to that vehicle.

7. Records, receipts, bank statements and records, money drafts, letters of credit, money orders and cashier's checks received or sent, passbooks, bank checks, safe deposit box key(s), vault key(s), safes and other items evidencing the obtaining, secreting and/or concealment, and or expenditures of money.

8. Any and all financial or other instruments evidencing placement of assets in the names other than the name of WILEY SYSTEMS.

9. Electronically stored data, computerized or written books, records, receipts, diaries, notes, ledgers, airlines tickets, cashier's checks, money orders and other papers relating to the transportation, ordering, sale and distribution of controlled substances and the outstanding debts and collections from controlled substances that have been distributed. The electronically stored data should include electronic records or data being stored at a remote physical location(s) as evidenced by an existing or previously mapped network connection(s) via the internet or other private network(s). Any users, administrators and others routinely involved with creating or altering such records shall disclose any required passwords or encryption keys necessary for the clear-text retrieval and review of these records.

10. Photographs or video movies of identified targets of the investigation and the property and assets purchased with drug proceeds.

11. Firearms and ammunition, including but not limited to handguns, rifles, shotguns and automatic weapons.

12. Documents related to or memorializing the ordering, purchasing, receiving, distributing, administering, dispensing, prescribing, inventorying, storage, transportation, and sale of controlled substances from June of 2011 through the date the search warrant is executed.